### No. 593

### PISKULA, et v. CLYNE

Ohio Appeals, 8th Dist. Cuyahoga Co.

No. 7798.    Decided June 27, 1927.

**114. ATTORNEY AND CLIENT—Attorney** who has contract for services and is discharged, without reason, can recover full amount of contract price, irrespective of fact that other lawyers are employed and do the work to procure amount recovered.

First Publication of this Opinion

VICKERY, J.

This was an action by William P. Clyne to recover upon a contract claimed to have been entered in with the Piskulas. The trial court rendered a judgment in favor of Clyne in the amount of $12,150.

The contract provided that Clyne, who is an attorney-at-law, was to bring a suit to contest a will, and that he was to have, as a consideration, 25% of the amount recovered by the proceedings; the suit was accordingly brought, and a verdict was rendered, setting the will aside.

A few days thereafter the executor of the estate complained that the suit was tried without his knowledge, and upon his complaint, the attorneys, Mr. George Spooner, who had been brought into the case, and Mr. Clyne, agreed that the verdict should be set aside. In the meantime, the Piskulas had procured a guardian to be appointed for them, and after the

judgment in this case was set aside, the guardian dismissed the suit and then discharged both Clyne and Spooner and hired some other lawyer to take some other steps to reach the property in question. Thereupon, this suit was brought, resulting in a judgment.

Several grounds of error are urged, one of which is to the effect that this contract was not made, that is, the writing was not signed until just before the trial was to be had. We do not see how this can be an objection that is tenable.

The testimony of the plaintiffs in error shows a rather uncertain notion of what the contract was, but there is no doubt that this question was fairly submitted to the jury, and the jury brought in a verdict for 25% of the amount recovered.

The case of Howell, Roberts and Duncan v. Montgomery, et, decided by the Supreme Court in December 1926, settles the fact that an attorney who has a contract for services, can, if he is discharged without reason, recover the full amount of his contract price, irrespective of the fact that other lawyers are employed and do the work to procure the amount recovered.

Judgment affirmed.

(Sullivan PJ. and Levine, J., concur.)

Attorneys—Lody Huml and Messrs. Singer & Singer for Piskula, et; George Spooner for Clyne; all of Cleveland.